UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————————

AMY LYNN RYMER,

                              Plaintiff,        **No. 1:12-cv-00644(MAT)**
                                                **DECISION AND ORDER**

              -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

————————————————————————————

## I.   Introduction

Amy Lynn Rymer ("Plaintiff"), represented by counsel, brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Social Security Insurance ("SSI"). Kenneth R. Hiller, Esq. ("Counsel"), has filed a motion pursuant to 42 U.S.C. § 406(b) ("the Section 406(b) Motion") (Dkt #28) requesting attorney's fees in the sum of $18,147.78, in connection with his successful representation of Plaintiff.

## II.  Background

Plaintiff applied for DIB and SSI on February 8, 2008. After her applications were denied, she appealed, and an administrative law judge ("ALJ") denied her claims on December 13, 2010. Plaintiff appealed that decision, and the Appeals Council declined review on May 8, 2012. Plaintiff filed this action on July 9, 2012. On October 21, 2014, this Court entered a judgment reversing the

Commissioner's decision and remanding the matter for solely for the calculation and payment of benefits. The Social Security Administration ("SSA") issued a Notice of Award with respect to Plaintiff's SSI claim, stating that her past-due benefits were $72,591.00. By law, the SSA withheld 25 percent of that amount, or $18,147.78.

Counsel applied for, and was approved, $4,232.59 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Those funds have been received. Counsel filed the Section 406(b) Motion seeking attorney's fees in the amount of $18,147.78, with the understanding that upon receipt of those funds, Counsel will refund to Plaintiff the $4,243.59 received pursuant to the EAJA.

The Commissioner filed a response to Counsel's motion stating that she does not object to the award of fees or the amount of fees requested. The Commissioner asks that the Court conduct an independent reasonableness review, as required by law.

For the reasons discussed below, the Section 406(b) Motion is granted in its entirety.

## III. Applicable Legal Principles

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of

the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court resolved the circuit-split as to the method to be used to calculate fees under Section 406(b) in favor of giving effect to contingent fee agreements between claimants and their attorneys. "Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807 (citation omitted). Furthermore, Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807 (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and Gisbrecht.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart,

389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

## IV. Discussion

On January 15, 2000, Counsel and Plaintiff entered into an Attorney-Client Fee Agreement ("Agreement") pursuant to which Plaintiff agreed that if she did receive benefits, the attorney fee would be one-quarter or 25 percent of the past due benefits resulting from her claim. See Agreement (Dkt #28-4) Therefore, the contingent fee agreement at issue does not exceed the 25 percent boundary set by Section 406(b).

With regard to the first factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, counsel's effective briefing secured a reversal and remand for payment of benefits—the best result possible for Plaintiff. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

Finally, with regard to whether the requested fee represents a "windfall," the Supreme Court has not provided clear guidance on assessing this factor, but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535

U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Counsel indicates that his usual hourly rate is $295.00. Based on the itemized statement submitted (Dkt #28-2), Counsel spent a total of 32.2 hours representing Plaintiff in this Court. Dividing the Section 406(b)(1) fee requested ($18,147.78) by the total hours (32.2) yields an effective hourly rate of $563.60.

Despite being greater than Counsel's usual hourly rate, the Court finds that the requested fee is nonetheless reasonable. As Counsel notes, a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. See 42 U.S.C. § 406(b)(1). Counsel argues that the value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owing, but also ongoing benefits until she dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than the past-due benefits received. Furthermore, Plaintiff's case involved a substantial risk of loss to Counsel, since benefits claim had been

denied at multiple levels of agency review before the initiation of this civil action. The Court also considers the deference owed to lawful attorney-client fee agreements, <u>Gisbrecht</u>, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, <u>id.</u> at 805. All of these factors counsel a finding that the fee requested is reasonable, and the Commissioner does not disagree.

## V.   Conclusion

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Dkt #28) in its entirety and awards attorney's fees in the amount of $18,147.78. The Court directs the Commissioner to release the funds withheld from Plaintiff's award. The Court further orders that upon receipt of the $18,147.78 from the Commissioner, Counsel shall forthwith issue a refund to Plaintiff in the amount of $4,232.59, which represents the fee amount previously awarded and received by Counsel under the EAJA.

**SO ORDERED.**


S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     March 14, 2016
           Rochester, New York

-6-